## Adams v. Button, et al.

(Decided January 7, 1914).

### Appeal from Trimble Circuit Court

1.  Husband and Wife—Gift to Wife.—If a husband sells his land and directs the purchase money notes to be made payable to his wife, in the absence of any agreement or circumstances indicating a different purpose, it will be treated as a gift to or provision by him for his wife.
2.  Husband and Wife—Trust—Evidence.—Any loose, uncertain, or vague expression of doubtful meaning used by the husband at the time, will not be treated as a purpose upon his part to create a trust; even if such statement of his not in the presence of the wife could be used as evidence against her.

G. W. PEAK and EDWARDS, OGDEN & PEAK for appellant.

W. B. MOODY for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by appellant seeking to have it adjudged that a certain tract of land containing twenty-seven acres was held in trust by his step-mother for his father.

F. A. Adams the father, had been twice married and appellant was the only child by the first marriage, and there were no children of the last marriage.

F. A. Adams, prior to March, 1893, was the owner of a tract of twenty-seven acres of land adjoining two tracts of about seventy-seven acres owned by his last wife, Lydia Adams, the three tracts constituting one farm of about 104 acres. In March, 1893, the whole farm was sold to one Callis, the consideration being $3,000, payable in three years, and the note for the whole amount was made payable to Lydia Adams, the wife.

Callis failed to make any payment of any size on the note, and in April, 1897, he re-conveyed the whole tract of 104 acres to Lydia Adams and his note amounting then to $3,500 or $3,600 was surrendered to him.

F. A. Adams died in 1898 and Lydia Adams continued to hold, manage, and control the whole of the farm conveyed to her until her death in 1908, except she sold four acres and a fraction for a cemetery. Thereafter and in 1909 appellant instituted this action; the lower court dismissed his petition and he has appealed.

It is urged for appellant that the evidence shows that in March, 1893, when the land was conveyed to Callis and in April, 1897, when he re-conveyed it to Lydia. Adams, that F. A. Adams was in such mental condition that he could not understand the nature and effect of a contract, and that for that reason Lydia Adams held the title to the twenty-seven acres in trust for his heirs.

The evidence unquestionably shows that in April, 1897, the condition of F. A. Adams was such that he was incapable of transacting any business or understanding the nature and character of a contract; but the time at which the original transaction took place in March, 1893, his mental condition under the evidence of all the witnesses was very different, and much better. At that time he was attending to all of his own business, conducting his mercantile establishment in the usual way, and while there is some evidence that he had begun to fail mentally, the decided weight of the evidence is that he was then competent to transact business. That being true when he directed the note for his land to be made payable to his wife the universal rule is that it will be construed as a gift to or provision for her in the absence of any agreement to the contrary or circumstances indicating a different purpose. Cyc. Vol. 21-1297.

The evidence discloses that F. A. Adams was a man of some property, that about the time of the transaction in 1893 he made an advancement of several hundred dollars to appellant, his only son. The man who wrote the deed from Adams and his wife to Callis testified that when he ascertained that the title to the twenty-seven acres was in F. A. Adams that he called his attention to that fact and told him that the note ought to be made partly payable to him, and that Adams laughed and said, "I am not afraid I will not get my part," and from this it is urged there was an intention upon the part of F. A. Adams to create a trust. But, Lydia Adams was not present at that time, and even if such a lose, uncertain, and vague expression could be in any case evidence of such a purpose, it could not be in this case competent evidence against Lydia Adams or those claiming under her.

Judgment affirmed.