## Williams v. Harth.

(Decided January 8, 1914).

'Appeal from McCracken 'Circuit Court.

1. Insurance Life—Policy Payable to Wife of Insured—Rights of Creditors.—Under ,Kentucky Statute 654, premiums on life insur- ance policies paid by insured in fraud of creditors may be recov- ered from his widow, the beneficiary, and same constitute a fund which inures to the benefit of all the creditors in said section mentioned; said fund is a part of decedent's estate.

2. Insurance, Life—Policy Payable to Wife—Rights of Creditors in Recovery of Premiums Paid in Fraud of Creditors.—Where pre- miums on life insurance policies paid in fraud of creditors are recovered, the fund so recovered is for distribution ratably among all the creditors in said section named; the creditors bringing the action .to recover said fund are not because thereof entitled to priority in the distribution of said fund. The action should be instituted by the personal representative, but in the event of his failure or refusal to bring same, it may be brought by one creditor, but all creditors should be made parties.

3. Insurance, Life—Policy Payable to Wife—Recovery of Premiums Paid on Policy in Fraternal Insurance Organization in Fraud of Creditors.—Under Kentucky Statutes, Section 671, premiums paid by insured on a policy in a fraternal insurance organization, in fraud of creditors, are not recoverable from his widow, the beneficiary in said policy.

BRADSHAW & BRADSHAW for appellant.

MORTON & MORTON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

J. F. Harth died in Union County, Kentucky, testate. J. W. Williams, a judgment creditor of said Harth, in- stituted an action in the McCracken Circuit Court against Jennie E. Harth, widow of said J. F. Harth, under section 654, Kentucky Statutes, seeking to recover judgment against her in the sum of $1,427.58, the amount of his judgment against decedent. He alleged that said J. F. Harth during his lifetime and while insolvent, di- verted a large sum of money from his creditors and em- ployed same in the payment of premiums on policies of life insurance payable to said Jennie E. Harth, and that she had received from several insurance companies quite a sum of money as the proceeds of said insurance con- tracts, upon the death of said J. F. Harth, the insured.

The premiums so paid by decedent, and the policies upon which said sums were paid, were set out in detail in the petition. Soon after the filing of this petition, several other creditors of said decedent instituted similar actions in said court. The defendant, Jennie E. Harth, answered for herself individually, and also as executrix of said J. F. Harth. She denied the fraud charged in the petition in the diversion of the money so paid for premiums; and pleaded that by virtue of section 671, Kentucky Statutes, the premiums paid by decedent on one of said insurance contracts, a certain benefit certificate held by him in the Knights of Honor, a fraternal insurance organization, were not recoverable by creditors of decedent; and finally, as a set-off against the causes of action of said plaintiffs, she pleaded a certain note executed to her by decedent and his two brothers, praying that she might have credit for the amount thereof as against whatever sum might be adjudged against her on account of the payment by decedent of the insurance premiums above mentioned.

As executrix, she alleged that should the court upon trial of said cases adjudge against her any amount because of the payment by decedent of said insurance premiums, the same belonged to and was a part of the estate of said decedent and that same should be so adjudged and subject to distribution ratably among all the creditors thereof. She further alleged that she had qualified in the Union County Court as executrix of the will of said J. F. Harth, he having died a resident of that county, and his said will having been probated therein; that as such executrix she had instituted an action in the Union Circuit Court for the settlement of the estate of said decedent, to which action the several plaintiffs in these actions, as well as all other creditors of said estate, had been made parties defendant; that the several plaintiffs in these actions had filed their claims against said estate, in that action, which she alleged was then still pending in said Union Circuit Court.

The several actions above mentioned were then consolidated, the pleadings completed, certain stipulations agreed to, and the cause submitted; and it was adjudged by the court that plaintiffs recovered of the defendant, Jennie E. Harth, the sum of $6,660.89, which amount the court found to be the sum total of the premiums paid by said decedent on said insurance contracts, after January 1, 1907, the date on which said J. F. Harth became insol-

vent, as fixed and agreed upon by stipulation of the parties; which amount however does not include the amount of the premiums paid by said J. F. Harth on the benefit certificate held by him in the Knights of Honor. The court further adjudged said sum of $6,660.89 for which judgment was rendered against defendant, Jennie E. Harth, to be a part of the estate of said J. F. Harth, inuring to the benefit of all his creditors, and ordered the same to be paid into the hands of the master commissioner of the Union Circuit Court, wherein the above-mentioned action was then pending to settle the estate of said J. F. Harth; the court adjudging that neither the plaintiff nor the other creditors in the consolidated action obtained any priority over the other creditors of said estate by virtue of their institution of these actions. As to the premiums paid by said J. F. Harth upon the insurance contract held by him in the Knights of Honor, the court adjudged that same were not recoverable by plaintiffs. And, in the matter of the set-off pleaded by defendant, Jennie E. Harth, the court refused to allow same, holding that the proper procedure had been followed, when said note was filed and allowed as a general creditor's claim in the action pending in the Union Circuit Court to settle said estate.

From the judgment denying to the plaintiff, J. W. Williams a superior lien on the fund recovered, and priority in the distribution thereof, and refusing to subject the amount of the premiums paid to the Knights of Honor after he became insolvent, said J. W. Williams appeals. The defendant, Jennie E. Harth, prosecutes a cross appeal from that part of the judgment denying the note above mentioned to be a set-off against the said fund in her hands adjudged to belong to the creditors of her deceased husband.

The questions presented by appellant are: (1) Did the court err in refusing to adjudge appellant to be a preferred creditor and entitled to priority over the other creditors in the distribution of the fund recovered because he instituted the first action to subject the fund; and (2) did the court err in denying a recovery of the amount of the premiums paid by said J. F. Harth as dues on the benefit certificate held by him in the Knights of Honor?

Appellant bases his claim to preference and priority in the distribution of the fund recovered, upon the ground that defendant, Jennie E. Harth, was grantee of a fraud-

ulent conveyance. His petition described the premiums paid by decedent, and policies of insurance upon which same were paid, the purpose thereof being to create a lien on said fund. At the time of his death, the decedent owned several valuable tracts of coal land in Union County, encumbered by mortgage. Action having been instituted shortly after the death of said J. F. Harth for sale of said lands to discharge the mortgage debt, a sale thereof was had, at which defendant, Jennie E. Harth became the purchaser of said lands, the said purchase being made with the money received by her as the proceeds of the insurance contracts heretofore mentioned. Defendant, Jennie E. Harth, also erected a residence in Paducah with part of the same money. Appellant filed an amended petition containing the necessary allegations upon which to base a *lis pendens* lien, describing the said lands and residence property; and now claims that because of said proceedings he has a lien on the fund recovered superior to other creditors. The defendant, Jennie E. Harth, is not the defendant in the judgment which was made the basis of appellant's action. Nor is she grantee of a fraudulent conveyance. There is no fraud brought home to her. The statute declares that the payment by any person of premiums on life insurance contracts made with intent to defraud creditors shall render recoverable an amount equal to the premiums so paid with interest thereon, which recovery shall inure to the benefit of said creditors. But the acceptance by the beneficiary of the amount of the policy, and the investment thereof in real estate, does not of itself constitute said beneficiary a fraudulent grantee.

The statute under which the plaintiff creditors instituted these proceedings (section 654, Kentucky Statutes), says: "If a premium on any policy in this section mentioned is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall *inure to the benefit of said creditors. * * *"* The plain and manifest meaning of the language of this statute is that the premiums so paid in prejudice of the rights of creditors, constitute a fund impressed with a trust in behalf of all creditors therein mentioned; and, said fund passes to the personal representative as a part of the estate of the decedent. The statute is silent as to the person in whom the right of action for the recovery of said premiums is lodged; but, undoubtedly when the same are recovered under the ac-

tion ·authorized by· this section, the fund so recovered becomes a part of the estate of the decedent, for the· equal use and benefit of all the creditors in said section mentioned, it matters not by whom the recovery was en-. forced.

In the case of Kittel v. Domeyer, 175 N. Y., State, 205, Kittel, a creditor of decedent, Domeyer, instituted an action against certain life insurance companies, the administrator of the estate, and against the widow; seeking to recover a part of the proceeds of certain insurance policies upon which the decedent had paid premiums while insolvent and under an alleged state of fact which rendered same recoverable under the New York Statute. The plaintiff alleged that the administrator had refused to institute the action. He demanded judgment declaring the amount of his claim to be a lien upon the proceeds of said insurance policies, because of his institution of the action. The lower court denied to him the particular and exclusive relief prayed for, that is, the application to his claim preferentially, of the insurance money above mentioned; but, sustained the action so as to bring the fund into the hands of the administrator for distribution ratably among all the creditors of the estate. On appeal to the Court of Appeals from the Appellate Division of the Supreme Court, that court said in part: "It was also held by the appellate division that while in, the event of the refusal of the administrator or executor· to perform his duty of reducing the excess of insurance to possession, a creditor might bring an action in behalf of himself and all other creditors, the plaintiff's situation gave him no standing to maintain an action of this character. Presumably what the learned court had reference to was the claim in the complaint to a preference in lien and in payment over all other creditors, for that was the theory of the action, and plaintiff's contention is that his diligence entitles him to be so rewarded." But in this contention the higher court did not concur, and it sustained the lower court in holding the said fund so recovered, for distribution ratably among all the creditors of the estate, through the hands of the administrator.

We believe this to be the proper construction of the statute under consideration. That the fund when recovered is a part of the estate of the decedent, in which all the creditors mentioned in the statute, are entitled to participate ratably.

We are also of the opinion that the personal representative should institute the action for the recovery of life insurance premiums paid in fraud of creditors; but, that in the event of the refusal of such personal representative to do so, a creditor may bring such action for himself and all other creditors; and such action being in the nature of a proceeding to settle the estate, all creditors should be made parties.

As to the premiums paid by said J. F. Harth on the benefit certificate held by him in the Knights of Honor, the lower court properly adjudged that same are not recoverable. This was done upon the authority of section 671, Kentucky Statutes, which provides that the money paid by fraternal insurance organizations as the proceeds of insurance contracts shall be exempt from execution and not liable to be seized, taken or appropriated by legal or equitable process to pay any debt of the insured. The Legislature evidently intended to except from the operation of sections 654 and 655, Kentucky Statutes, premiums paid to fraternal insurance organizations, and in fact does so in direct terms.

As to the cross appeal prosecuted by appellee, the court properly refused to adjudge the note held by defendant against decedent, a set-off against the fund adjudged to be in her hands belonging to decedent's creditors. This note was for money loaned decedent. She owed her husband during his lifetime no part of the fund adjudged against her in this action. Upon the death of her husband, this fund by operation of the statute referred to, became the property of decedent's creditors, and she held it impressed with a trust in their behalf. She at no time owed the decedent anything on account of this fund; and when she collected it, she held it for the creditors and owed it to them. The court properly relegated her claim to settlement in the action pending in the Union Circuit Court wherein the estate of decedent is in process of settlement, and in which action said note had been filed.

The judgment appealed from is affirmed on both the original and cross-appeals.