## C. A. and Kathryn McCollum v. Parsons.

(Decided November 11 1924.)

Appeal from Rockcastle Circuit Court.

1. Fraudulent Conveyances—Not Enough to Show that Defendant had Sold or Conveyed Property, but Plaintiff Must Show Fraudulent Intent.—To support attachment because of sale and conveyance of

property with fraudulent intent to defeat, hinder and delay creditors, it is not enough that plaintiff show that defendant sold his property, as fraudulent intent is gist of ground of attachment with burden of proof on plaintiff.

2. Fraudulent Conveyances—Fraudulent Intent in Conveying Property May be Shown by Circumstances, but Not by Mere Surmise.—Fraudulent intent in sale and conveyance of property to defraud creditors as ground for attachment, may be shown by circumstances, but there must be something more than mere surmise.

3. Fraudulent Conveyances—Evidence Held to Show Sale or Conveyance in Good Faith, so as Not to Support Attachment.—Evidence held to show that sale and conveyance of property by debtor was in good faith, so that there was no ground for attachment.

4. Fraudulent Conveyances—Gift of Mare by Husband to Wife Not in Writing, or Acknowledged, or Recorded, Invalid as to Third Persons.—A gift of a mare by husband to wife not evidenced by writing or acknowledged, or recorded, was invalid as to third persons, and mare was subject to husband's debts in view of Kentucky Statutes, section 2128.

C. C. WILLIAMS for appellant.

L. W. BETHURUM for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

In the summer of 1919 E. A. Chilton had a contract for road construction and made a subcontract on July 9, 1919, with C. A. McCollum for the concrete work. J. M. Parsons and McCollum were partners in this work. They made a settlement on October 29th by which McCollum fell in debt to Parsons in the sum of $905.00. On November 5th McCollum went to Hamilton, Ohio, and was gone about two weeks. On November 12th Parsons brought this suit against McCollum and took out a general attachment, alleging the following grounds therefor: (1) That McCollum had departed from the state with intent to defraud his creditors; (2) had left the county of his residence to avoid the service of a summons; (3) had sold and conveyed his property with the fraudulent intent to defeat, hinder and delay his creditors; (4) was about to sell and convey his property with such intent; (5) he was a nonresident of the state and absent therefrom and a resident in Butler county, Ohio.

The grounds of attachment were denied by the defendant; proof was taken and on final hearing the circuit court sustained the attachment. The defendant appeals. The facts are these:

On November 4th McCollum heard that his wife's brother, who lived at Hamilton, Ohio, had been seriously shot and taken to a hospital. After consulting with his wife he concluded that it was necessary for him to go there and see after his brother-in-law, and he took the train the next day for Hamilton, Ohio. He was a farmer living on a small farm with his wife; he left his wife on the farm and made an arrangement with a young man in the neighborhood to attend to things there for him while he was gone. He told a number of people that he was going and why he was going. He says he told Parsons, but this Parsons contradicts. The morning he left, and after he was on the way to the train he met Earl Linville and made with him the following written contract:

"This Nov. 5, 1919. This article of agreement agreed and entered into between Chas. McCollum of the first part and Earl Linville of the second part. The first party agrees to make the second party a deed to the J. R. McCollum farm as soon as all the heirs sign the deed. The second party agrees to pay the first party $450.00, of which $200.00 is paid in hand and the remainder, $250.00, to be paid one-half in one year and half in two years. Possession is to be given Jan. 1, 1920.

C. A. McCollum."

The property is not shown to be worth any more than the price agreed to be paid. McCollum owned 5/14 interest in it, so that all he would receive from it would be about $160.00. Nothing was paid on the contract, although McCollum told Linville to deposit the $200.00 to his credit in the bank. He also told him that while he was gone he would see a brother who lived in Ohio about making the deed. Linville didn't pay the $200.00 as all the heirs had to sign the deed and many of them were nonresidents of the state. This is the only transfer of property that McCollum made and there is no evidence of an intent to defraud his creditors in this transaction, in view of the fact nothing was paid and on the face of the contract, it was one which had to be ratified by the heirs. The reason for McCollum's absence from home is clearly established by the evidence. Although absent from the state he was not a nonresident of the state. He did not depart with intent to defraud his creditors or leave the county of his residence to avoid the service of a summons. The next term of the court

did not begin for several months and he was only away about two weeks. In the meantime he did see his brother in Ohio in regard to making the deed to Linville, and he did go to see his brother-in-law who was shot, finding him in the hospital at Hamilton, Ohio.

It is not enough that the plaintiff showed that the defendant had sold or conveyed his property. The fraudulent intent is the gist of this ground of attachment and the burden of proof is on the plaintiff to show such intent. It may be shown by circumstances, but there must be something more than mere surmise. The circumstances here support the inference of good faith in the transaction.

McCollum owned a mare which he had bought and about two years before he went into partnership with Parsons he gave this mare to his wife; she afterwards claimed it as her own and he recognized it as her mare. The circuit court properly held that this mare was subject to her husband's debts. Section 2128, Kentucky Statutes, provides:

"A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers."

The gift of the mare by McCollum to his wife was not in writing or acknowledged or recorded. The transfer was therefore properly held invalid as to third persons.

The judgment sustaining the attachment is reversed for a judgment as above indicated.