## Cartwright, et al. v. Ennis, Trustee in Bankruptcy of Lawson J. Cartwright.

### (Decided June 1, 1926.)

### Appeal from Barren Circuit Court.

1. Fraudulent Conveyances—Grocer's Oral Transfer of Business and Goods to Wife Held Invalid Against Existing Creditors and Subsequent Creditors, who Contracted on Faith of His Apparent Ownership—"Third Persons" (Ky. Stats., Section 2128).—Grocer's oral transfer of business and goods to wife, after which he continued to manage business and to list and insure it in his name, held invalid against existing creditors and subsequent creditors who contracted on faith of his apparent ownership, in view of Ky. Stats., section 2128, relative to validity as to third persons of transfers between husband and wife, as "third persons" means those whose rights are prejudiced by transfer.

2. Fraudulent Conveyances—Maker's Substitution Without Consideration and at Payee's Request of Latter's Wife's Name as Payee of Certain Notes Held to Pass no Title as Against Creditors, where Made With Intent to Defraud Creditors.—Maker's substitution without consideration and at payee's request of latter's wife's name as payee of certain notes held to pass no title as against creditors, where it was made with fraudulent intent of preventing notes from being subjected to their claim.

WHITE & SMITH for appellants.

C. H. HATCHETT and BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In 1917, L. J. Cartwright entered into a written contract by which he sold and agreed to convey to D. W. Wilson a house and lot in Glasgow. After Wilson had been placed in possession, and had made certain payments, Anna B. Cartwright, the wife of L. J. Cartwright, asserted title to the property and sued Wilson in ejectment. Wilson made L. J. Cartwright a party and asked either for specific performance or damages. The trial before a jury resulted in a verdict and judgment in favor of Wilson for $1,500.00. Immediately after the judgment was rendered L. J. Cartwright filed a petition in bankruptcy. M. M. Ennis was appointed trustee and brought this suit to set aside a transfer of a stock of goods and certain notes which L. J. Cartwright had made to his wife, Anna B. Cartwright. Anna B. Cartwright claimed the property as a gift from her husband. The chancellor held that no title passed to Mrs. Cartwright by virtue of the transfers, but that the ownership of the property remained in L. J. Cartwright and passed to the trustee in bankruptcy. The Cartwrights appeal.

Section 2128, Kentucky Statutes, provides in part as follows:

> "A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers."

In our opinion, the words "third persons" mean those persons whose rights are prejudiced by the transfer, and therefore include not only *bona fide* purchasers and existing creditors, but subsequent creditors, who contract with the donor, transferor or assignor on the faith of his or her apparent ownership of the property. The situation here presented is this: L. J. Cartwright had been in the grocery business a great many years. At some indefinite time in the past he claims to have transferred the business and stock of goods to his wife, but the transfer was not in writing and therefore not acknowledged and recorded. Notwithstanding the alleged trans-

fer he continued to list and insure the property as his own, and his name was given in the telephone directory as the owner of the property. Not only so, but he bought and sold goods and managed the store in his own name. It is true that a short time before the institution of this action he began to make deposits and write checks in the name of his wife, and that now and then she sat in the store, but even then he continued to manage and control the business just as he had done before. It is impossible to tell from the evidence when the alleged transfer was made. If made after Wilson contracted with L. J. Cartwright, Wilson was an existing creditor. If made before, he was a subsequent creditor who had the right to contract, and did contract, on the faith of Cartwright's apparent ownership of the property. In either event, the transfer is invalid and the trial court did not err in so holding.

With respect to the transfer of the notes the following facts appear: L. J. Cartwright was the owner of a piece of real estate which he sold to J. L. Hensley. The deed recited that the notes were payable to L. J. Cartwright, and, as a matter of fact they were so written. Thereafter L. J. Cartwright applied to Hensley to change the notes so as to make his wife, A. B. Cartwright, the payee, and this was done without any consideration for the transfer. While the evidence is conflicting as to when the change was made, we are constrained to the view that it was done after L. J. Cartwright had contracted with Wilson, and after judgment had been rendered in favor of another creditor, and with the fraudulent intent of preventing the notes from being subjected to their claims. It follows that Cartwright's act in having the notes made payable to his wife passed no title as against his creditors.

Judgment affirmed.