## TRACY et ux. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6385.

Circuit Court of Appeals, Sixth Circuit.

April 11, 1934.

Edward S. Reid, Jr., of Detroit, Mich., for petitioners.

J. H. McEvers, of Washington, D. C. (Sewall Key, C. M. Charest, and Bruce M. Low, all of Washington, D. C., on the brief), for respondent.

Before HICKS and SIMONS, Circuit Judges, and TAYLOR, District Judge.

SIMONS, Circuit Judge.

The only issue presented by this appeal is whether an attempted gift by William R. Tracy to his wife, Helen Gregory Tracy, of a half interest in a trading account with stockbrokers, became effective as against the tax authorities so as to permit one-half of the income of the account to be returned as income of each, and one-half of the interest and losses to be claimed as deductions by each. Separate appeals were originally taken to the Board of Tax Appeals from the deficiency assessments of the respondent, but were there consolidated because of identity of issues. Deficiencies for the taxable years 1925 and 1926 are involved in the appeal of William R. Tracy. A deficiency for 1926 only is involved in his wife's appeal.

The Board sustained the assessments, and found the facts herein recited. The petitioners reside in Michigan, and William R. Tracy had a marginal stock trading account with Otis & Co., brokers, of Detroit. In the latter part of 1924, he had discussed with his wife the advisability of making the account joint, and he had favored the suggestion. About January 1, 1925, he wrote to Otis & Co. as follows:

"Please make a joint account of my transactions with your firm in the name of W. R. and Helen Tracy, effective January 1st, 1925.

"Orders for transactions in this account will be given to you for the writer."

Mrs. Tracy acquiesced in the directions given to the brokers, and the account was put on a joint basis for convenience, because of its effect on inheritance taxes, and to harmonize with the practice of the petitioners in their joint holding of real estate. It was Tracy's view that his wife could trade in and draw on the account, and it was also her understanding that she might trade in it, and that the account would be hers upon her husband's death. No change was, however, made on Otis & Co.'s books to comply with Tracy's directions until December 31, 1926. Tracy did all the trading himself, and Mrs. Tracy did none. It was the practice of Otis & Co. in handling joint accounts to permit either party to draw on the account independently of the other, and to withdraw dividends from excess funds if the account was properly margined, and it would

have permitted either petitioner to have done this after the receipt of the letter. In 1925 and 1926 the petitioners filed separate income tax returns, reporting the income and deductions growing out of the Otis & Co. account as though each had a half interest therein. The respondent held, and his holding was sustained by the Board of Tax Appeals, that the stocks represented by the account were all owned by Tracy; that all dividends and gains derived therefrom were reportable in his return; and that he alone was entitled to deduct the full amount of interest paid and losses sustained. He determined deficiencies against Tracy for both years, and against Mrs. Tracy for 1926.

The holding by the Board that the evidence failed to establish a valid gift was on the ground that the indispensable conditions for effectuating a gift were not present; that the petitioners had failed to establish an intention on the part of the donor to absolutely and irrevocably divest himself of title, dominion, and control of the subject of the gift in præsenti at the very time he undertook to make it, so that he could exercise no further dominion or control over it, relying upon Lee v. Lee, 55 App. D. C. 344, 5 F.(2d) 767; Allen-West Commission Company v. Grumbles (C. C. A.) 129 F. 287; Bowen v. Kutzner (C. C. A.) 167 F. 281; Hoyt v. Gillen, 181 Mich. 509, 148 N. W. 163, Ann. Cas. 1916C, 812; Shepard v. Shepard, 164 Mich. 183, 129 N. W. 201.

The principal, if not the only reason, for the factual inference drawn by the Board, was the instruction in Tracy's letter that orders for transactions would be given for the writer. Such inference, however, requires an interpretation of his direction as though it read that orders would thereafter be given only by the writer of the letter, and by no one else. This appears to us to be a strained construction, one not warranted by its phraseology, unsupported by any evidence, and wholly in conflict with the facts as found by the Board.

There is no illegality or impropriety in a gift of stock by a husband to his wife. Marshall v. Commissioner of Internal Revenue, 57 F.(2d) 633 (C. C. A. 6). While certificates of stock are usually transferred by indorsement thereof to the purchaser or the donee, or by indorsement in blank and delivery with change of ownership recorded upon the books of the corporation, it must be borne in mind that what Tracy endeavored to give to his wife was an undivided interest, not in specific shares of stock, but in an open and continuing trading account. Concededly there was no delivery of any shares of stock, and there could be none. Tracy had no certificates to assign and deliver, and it is doubtful if his broker had them—certainly none that were earmarked for Tracy. All the donor had was a right to certain balances in the event that the account was closed, and in any event no more than a right to claim delivery of a certain number of shares from those in the possession of the broker at the time, or to be thereafter purchased by him. Manual delivery is not a condition indispensable to the completion of a gift. Smith v. Commissioner of Internal Revenue (C. C. A. 7) 59 F.(2d) 533. It is clear that Tracy made such delivery as the subject-matter of the gift permitted. We attach no importance to the failure of the broker to immediately record the transfer on his books. Tracy did all that was necessary for him to do, and the facts as found permit of no inference other than that the transfer was recognized by the broker. Oral gifts have been recognized where no bad faith in the making of them is charged or proved, Rose v. Commissioner of Internal Revenue, 65 F.(2d) 616 (C. C. A. 6), and parol assignments established by evidence which is uncontradicted and credible, and by witnesses who are not impeached, and under circumstances which cast no doubt upon their truthfulness, will be upheld. Voltz v. Treadway & Marlatt, 59 F.(2d) 643 (C. C. A. 6). That the evidence here was of the character in the latter case described is demonstrated by the findings above recited.

But, even were we to adopt the interpretation put upon Tracy's letter by the Board, the respondent would have no better case. It is not unusual for a husband to have the sole management of a business or joint adventure engaged in by him and his wife, so that his greater business experience shall the more likely contribute to its success. In Commissioner v. Olds, 60 F.(2d) 252, we thought it no bar to the validity of a partnership agreement as against the taxing authorities that the condition of a gift by a father to his daughters reserved the active management of the business in the donor, in reliance on Beecher v. Bush, 45 Mich. 188, 7 N. W. 785, 40 Am. Rep. 465.

Our conclusion is that the order of the Board is not only unsupported by the evidence, but that the findings of the Board themselves compel a contrary result. The decision is therefore reversed, and the case remanded for further proceedings consistent herewith.