## Farmers Bank of Dry Ridge v. Ashcraft's Adm'r et al.

Feb. 16, 1940.

F. A. Harrison for appellant.

L. M. Ackman for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In the early part of the year 1923 Anna Ashcraft with her own funds purchased a lot in Williamstown for $1,700. Title was taken in her name and the deed was recorded. In the same year a house was built on the lot by her husband, B. F. Ashcraft, who paid for the building of the house with his funds—the evidence discloses that from three to five thousand dollars was thus expended by him. The house was completed in the latter part of the year and Mr. and Mrs. Ashcraft resided in it from then until the time of their respective deaths. Mrs. Ashcraft died on July 10, 1935, and Mr. Ashcraft on September 13, 1936. Mr. Ashcraft borrowed $1,600 of the money expended by him in buiding the house from the appellant, Farmers Bank of Dry Ridge, but this

sum was repaid by him to the bank. At the time he expended the money in building the house he was solvent and able to pay all of his obligations in full. After the expenditure by him of the money to build the house, Mr. Ashcraft became surety on a number of notes to the appellant, Farmers Bank of Dry Ridge, aggregating approximately $4,250. The first of these notes was executed approximately four years after the completion of the house and the last note approximately eight years thereafter.

After the death of Mrs. Ashcraft, Mr. Ashcraft qualified as her administrator and on August 13, 1936, filed an action for the settlement of her estate, in which a sale of the house and lot and other real estate owned by her was sought. In this action Mr. Ashcraft, who was also a party plaintiff in his individual capacity, alleged that title to the house and lot was in the name of his wife, "but that the cost of building the home which was erected on said lot was borne by this plaintiff, B. F. Ashcraft, except the sum of $1,700.00 which was contributed by his wife." He prayed that all proceeds from the sale of the house and lot except $1,700 be paid to him individually.

Mr. Ashcraft having died shortly after the institution of this action, G. L. Tucker qualified as administrator de bonis non of Mrs. Ashcraft's estate and filed a new action for the settlement of her estate in which he made G. C. Mullins, administrator of Mr. Ashcraft, party defendant, calling on him to assert any claim his decedent might have against the estate of Anna Ashcraft.

On October 7, 1936, which was before the institution of the second action for the settlement of Mrs. Ashcraft's estate, the appellant filed in the first action its answer, counterclaim and cross petition in which it set out the indebtedness to it of Mr. Ashcraft on the notes above mentioned aggregating $4,250 and in which it was alleged "that it is to the interest of this defendant that the money owing to said B. F. Ashcraft out of the property of Anna Ashcraft, deceased, be paid into court so that this defendant can realize its indebtedness against him." It further alleged that the decedent, B. F. Ashcraft, "furnished the money to build the home in Williamstown, Kentucky, except the sum of $1,700.00." It was further averred that G. L. Tucker, administrator of

Mrs. Ashcraft, would not prosecute the claim of Ashcraft's estate against the estate of Anna Ashcraft. The prayer of this pleading was that the claim of B. F. Ashcraft against Anna Ashcraft be allowed and that it be allowed to prosecute the action in the name of the plaintiff.

By agreement of parties the original action was revived in the name of G. L. Tucker, administrator de bonis non, and the two actions for the settlement of Mrs. Ashcraft's estate were consolidated. On final submission the trial court adjudged that the appellant was not entitled to relief sought and dismissed the counterclaim and cross petition. From that judgment this appeal is prosecuted.

Although the question is not raised in the briefs, it is apparent that the appellant by its pleading showed no right on its part to prosecute this action. Any right of action that Mr. Ashcraft had against his wife's estate for money expended by him in building the house necessarily vested in his administrator, G. C. Mullins, who was a party to the action. There is no allegation that demand was made on him to prosecute the claim and that he had refused. This was necessary. An action of this character may be brought by a creditor only where the administrator refuses to prosecute it after demand is made on him. Williams v. Harth, 156 Ky. 702, 161 S. W. 1102. The only allegation of this nature made in the counterclaim is that G. L. Tucker, who was the administrator of Mrs. Ashcraft's estate, would not prosecute the claim. Clearly, there was no duty on the part of Mrs. Ashcraft's administrator to prosecute a claim against her estate for the benefit of Mr. Ashcraft's administrator and the refusal of her administrator to prosecute the claim furnished no right of action on the claim to a creditor of Mr. Ashcraft.

But passing that question and proceeding to the merits of the case, it is also apparent that the appellant did not otherwise allege or prove a cause of action against Mrs. Ashcraft's estate. Its pleading does not profess to state any cause of action against the estate of Mrs. Ashcraft by reason of a fraudulent or voluntary transfer to her of the money expended in building the house. Appellant only professes to sue as a creditor standing in the shoes of Mr. Ashcraft and asserts only

the rights he had against his wife's estate. Yet with the pleadings in this shape the case is briefed as if a cause of action had been stated on a fraudulent or voluntary transfer of the husband's funds to the wife.

Long v. Deposit Bank, 90 S. W. 961, 28 Ky. Law Rep. 913, and other similar cases are cited to the effect that a wife cannot hold her husband out as the owner of property, or allow him to hold himself out as such, and create debts without losing her right to enforce her equity against her husband to the prejudice of her husband's creditors whose debts were thus created. It is apparent that these authorities have no application here since the appellant's debts were created some years after the husband expended the money in building the house, the title of record to which was in her. There was in no sense a holding out by her that her husband was the owner of the property. The deed to the property recorded in her name was notice to the world that she was the owner of it. It is apparent also that this transaction did not fall within the inhibition of Section 1907 or Section 2128 of the Kentucky Statutes. Section 1907 provides that any transfer of property made by a debtor without valuable consideration shall be void as to existing liabilities, "but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted." Under this section subsequent creditors who assail a voluntary transfer of property must prove that it was made with a fraudulent intent. O'Kane et al. v. Vinnedge et al., 108 Ky. 34, 55 S. W. 711, 21 Ky. Law Rep. 1551. No showing was made of any fraudulent intent in this case. Section 2128 provides that a transfer of personal property between husband and wife shall not be valid as to third persons unless it be in writing and acknowledged and recorded as chattel mortgages are required to be recorded. And the words "third persons" in this section have been construed to include subsequent creditors who contract with the transferor on the faith of his or her apparent ownership of the property. Cartwright et al. v. Ennis' Trustee, 215 Ky. 3, 284 S. W. 87. But here no fraud was perpetrated on appellant because the money expended by Mr. Ashcraft on the house had been advanced years before its debt was created and legal title of record was in his wife. There was no holding out that Mr.

Ashcraft was the owner of the property, such as to induce appellant to lend money to Mr. Ashcraft under the belief that he was the owner. It is therefore apparent that the expenditure of this money by Mr. Ashcraft was not a fraudulent or voluntary conveyance within the meaning of either of the two sections of the statutes above mentioned.

As a creditor claiming the right to prosecute this claim in Mr. Ashcraft's behalf the appellant stands in his shoes and must fail if no cause of action was alleged and proven in his behalf. It is clear that such a cause of action was neither alleged nor proven. The only allegations are contained in the petition of Mr. Ashcraft and in the answer and counterclaim of appellant and these allegations are that Mr. Ashcraft furnished the money to build the house. There is no allegation or proof that Mrs. Ashcraft recognized the transaction as creating an indebtedness on her part to her husband or that she agreed and promised to repay the money to him. In United States Trust Company, Guardian, v. Fidelity & Columbia Trust Co., Administrator, 213 Ky. 575, 281 S. W. 530, it was held that a gift from husband to wife will be presumed where he expends money in making improvements on her property. To the same effect is Adams v. Button et al., 156 Ky. 693, 161 S. W. 1100. As neither he nor his administrator had a cause of action, the appellant, claiming through him, had none. The trial court therefore properly denied appellant's claim and dismissed its answer and counterclaim.

Judgment affirmed.