## Thomson v. Dennis' Ex'x (two cases).

March 15, 1940.

Churchill Humphrey, Judge.

Joseph M. Hayse and Herman Goldberg for appellants.
Wilbur Fields for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellants in the two cases captioned above are husband and wife. For some years prior to the death of W. A. Thomson, Sr., the appellants resided with him for at least a portion of the time in his rather palatial residence known as Moyle Hill. Thomson, Sr., died in September, 1936, and in an action between his personal representative and the appellant, W. A. Thom-

son, Jr., it was stipulated and agreed that by reason of the payment of $1,041 to W. A. Thomson, Sr., on March 28, 1936, the appellant, W. A. Thomson ,Jr., acquired title to a number of oriental rugs and carpets and certain family silver which had been in use at Moyle Hill.

After the death of W. A. Thomson, Sr., the appellants moved from his home and established a home of their own and in doing so took from Moyle Hill three large Wilton rugs, one smaller Wilton rug, six small scatter rugs and three runners which were used by them in their new residence. The oriental rugs and family silver were taken charge of by the personal representative of W. A. Thomson, Sr., and stored in a warehouse.

In the year 1932, Holmes V. M. Dennis, Jr., obtained a judgment for $1,500 against W. A. Thomson, Jr., in the Jefferson Circuit Court. The present action was started by the appellee obtaining an attachment and having it levied on the oriental rugs and silver referred to above. This attachment was sustained and a sale of the rugs and silver was held on May 9, 1938, at which appellee became the purchaser for $1,220. The appellants were present at the sale and made no objection to it and at that time had made no claim that the attached articles were exempt. After the sale Mrs. Thomson purchased the silver from appellee for $250. Appellant, W. A. Thomson, Jr., after the articles were sold, sought to have the sale set aside as to the rugs on the ground that they were exempt to him by law. The appellant, Mrs. Thomson, about a week after the sale, filed an intervening petition in which she claimed that the rugs were her property by virtue of a gift to her from her husband. Evidence was heard on the claims made by both appellants, and the chancellor held that the rugs were not exempt to W. A. Thomson, Jr., and that even if he had transferred them to his wife such transfer was void as to creditors of the husband by virtue of Section 2128 of the Kentucky Statutes. From the judgment of the chancellor denying their respective claims, appellants prosecute separate appeals and they are considered together in this opinion.

If the chancellor was correct in his decision that the rugs were not exempt by law to W. A. Thomson, Jr., it follows as a matter of course that he was correct in

holding that Mrs. Thomson had no claim to the rugs as against appellee, a creditor of her husband. By virtue of Section 2128, a gift, transfer or assignment of personal property between husband and wife is not valid as to third parties unless it is in writing and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded. There is no pretense that the purported transfer of the rugs by Mr. Thomson to his wife was in writing. This statute has been construed and upheld many times. McCollum v. Parsons, 205 Ky. 450, 266 S. W. 43; Cartwright v. Ennis, 215 Ky. 3, 284 S. W. 87. As the statute was not complied with, the purported gift by Mr. Thomson to his wife could not affect the right of appellee as a creditor of Mr. Thomson to subject the rugs to her debt.

Section 1697 of the Kentucky Statutes provides that certain articles of personal property shall be exempt from execution and attachment to persons with a family resident in this commonwealth. Amongst the articles named is "carpeting for all family rooms in use." It is contended by appellants that the rugs in controversy are exempt under this provision of Section 1697. Evidence was heard before the chancellor and it was his finding that the rugs which were taken by appellants from Moyle Hill to their new home were their property and that they were sufficient carpeting for their use. We are not prepared to disturb the finding of the chancellor on this issue since it seems to us there was sufficient evidence to support it. It is true that the appellants claim that the rugs thus taken by them from Moyle Hill to their new home were merely borrowed by them from the personal representative of W. A. Thomson, Sr. There is a conflict in evidence on this point however, and it appears that the rugs thus taken by them were not included in the inventory of the estate of W. A. Thomson, Sr. No satisfactory evidence was introduced showing that these rugs were a part of the W. A. Thomson, Sr., estate. While it is true that Mr. and Mrs. Thomson and a rug expert introduced by them testified that the rugs in their house were inadequate as carpeting for the house, we nevertheless think that the chancellor was justified in holding that they had sufficient carpeting within the meaning and intent of the statute allowing exemptions for that purpose. It was not the in-

tent of the exemption statute to provide luxuries to the debtor at the expense of his creditors. The articles mentioned in that statute are such as are necessary to family existence in reasonable comfort—the statute should be construed in the light of reason and common sense to accomplish its purpose.

Another reason supporting the judgment of the chancellor is that the evidence failed to show that the rugs in controversy were ever used by the appellants in such manner as to acquire a right of exemption to them within the meaning and purpose of Section 1697. That section exempts only "carpeting for all family rooms in use." The appellants lived with W. A. Thomson, Sr., in his home where the rugs were in use by his family. Evidently the appellants occupied only a small portion of that residence. The evidence wholly fails to establish such use of the rugs by appellants in their family rooms as to entitle them to have the rugs exempted under the statute. It may well be doubted that it is within the intent and purpose of the exemption statute to exempt costly oriental rugs but conceding, arguendo, that the statute in a proper case does exempt articles of this character, it is nevertheless incumbent on the one claiming such exemption to show that they were in use in "family rooms" used by the housekeeper. The evidence in this case was not sufficient to establish that fact.

Judgment affirmed on both appeals.