**Edgar GRIFFITH, Appellant,**

v.

**Bertie Mae GRIFFITH, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

W. A. Johnson, Johnson & Johnson, Paintsville, for appellee.

DAVIS, Commissioner.

In this alimony and divorce proceeding the defendant husband attacks that portion of the judgment which relates to settlement of the property rights of the parties, asserting that (1) the judgment violates KRS 403.060 in divesting the husband of fee simple title in real estate; (2) the alimony award is excessive; and (3) the husband furnished consideration for his interest in the real estate, so that KRS 403.065 is not applicable.

After some twenty years of marriage these litigants came to the divorce court, each seeking a divorce and custody of their then eight-year-old son. The chancellor awarded appellee wife a divorce, custody of the child, and $50 per month as maintenance for the child. The judgment, as first entered, provided in part:

> "(5) Defendant [appellant husband] shall pay to plaintiff [appellee wife] the sum of One Thousand Five Hundred ($1500.00) Dollars, less the sum of _____ which is the amount paid on the mortgage indebtedness on the above referenced property by the defendant, or the balance of $_____."

That portion of the judgment was seasonably modified by substituting for the paragraph just quoted, the following:

> "(5) Defendant shall pay to the plaintiff alimony in a lump sum of $5.00 and

**450**

the amount already paid by defendant on the said above mentioned property."

The "above mentioned property" alluded to in the modified judgment is the nub of the controversy. It is a farm of about 75 acres, once jointly owned by L. J. Blair and Sina Blair, parents of the appellee wife. L. J. Blair died intestate in 1955, leaving surviving him his widow, Sina, and seven children, including the appellee. The widow, Sina Blair, and appellee's six siblings conveyed all their interest in the farm to appellant and appellee, jointly. The only monetary consideration for the conveyance was $200 to each of the six brothers and sisters of appellee. Funds for such payment were acquired by loan, secured by mortgage on the land.

There was no recital in the deed from Sina Blair respecting any agreement whereby the grantees would afford her a home with them, although there was testimony reflecting that the parties had a rather loose understanding to that effect. About all that can be gleaned from the record touching the husband's payment of anything for title to the land is that he paid some of the installments on the mortgage (how many is not shown), and he performed some relatively minor repairs on the property.

It was the chancellor's view that appellant obtained his title in consideration of marriage—or, otherwise stated, it was solely by reason of his marriage to appellee that he was named as a grantee in the deed. In such circumstances, the chancellor correctly concluded that the restoration provisions of KRS 403.065 controlled and ordered restoration. It was equitable and proper to allow alimony to the wife. The chancellor took the pragmatic view by crediting the alimony allowance by a sum equal to whatever appellant had invested in the property. KRS 403.060 is not applicable. Cf. Johnson v. Johnson, 305 Ky. 615, 204 S.W.2d 484.

The award was not excessive. The parties had not accumulated any estate, but the husband is able bodied and skilled in the trade of oil-well driller. The wife worked during most of the years of the marriage, and the parties pooled their meager incomes.

Although the husband presented vague evidence of his paying "some" of the mortgage installments, he failed to show that any of his funds went toward paying that portion of the mortgage debt which was applied on the purchase price. The funds realized by the mortgage loan exceeded the amount paid to the six vendors.

The judgment is affirmed.

All concur except OSBORNE, J., not sitting.