**Mildred F. REDMON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 72–1519.**

United States Court of Appeals, Sixth Circuit.

Dec. 7, 1972.

Henry J. Burt, Jr., Louisville, Ky., for plaintiff-appellant.

David English Carmack, U. S. Dept. of Justice, Washington, D. C., for defendant-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Louis A. Bradbury, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; George J. Long, U. S. Atty., Louisville, Ky., of counsel.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an appeal by Plaintiff-Appellant from summary judgment in favor of the United States in an action for refund of income taxes paid for the years 1960 and 1961. In those years the Appellant received principal and interest payments on notes delivered to her in 1959 by the purchasers of real estate which had been owned in joint tenancy by her and her husband, Harry L. Swaim. Notes of equal value had been given to Appellant's husband by the purchasers. In 1960 Appellant sued for divorce in the Jefferson Circuit Court of Kentucky and was awarded an absolute divorce in 1962. Pursuant to Sections 403.060(2) and 403.065 of Kentucky Revised Statutes,[1] the Chancellor restored certain property to Appellant's former husband and granted alimony to Appellant. The judgment was entered June 14, 1962, and a Supplemental Judgment was entered July 5, 1962. For a full statement of the facts see Swaim v. Commissioner of Internal Revenue, 417 F.2d 353 (6th Cir., 1969) and Swaim v. Commissioner of Internal Revenue, 417 F.2d 358 (6th Cir. 1969), two related cases dealing with separate aspects of the controversy between Appellant, her

---

1. 403.060 Disposition of property; restoration of maiden name.
    (1) If the wife does not have sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as the court considers equitable; but no such allowance shall divest the husband of the fee simple title to real estate.
    (2) Upon final judgment of divorce from the bonds of matrimony, each party shall be restored all the property, not disposed of at the beginning of the action, that he or she obtained from or through the other before or during the marriage and in consideration of the marriage.
    (3) Pending an action for divorce or for divorce from bed and board, the court may allow the wife maintenance.
    (4) If the wife obtaining a divorce so desires, the court shall restore to her the name she bore before marriage.

403.065 Proceedings for restoration of property.
    Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing.

former husband and the Internal Revenue Service.

Included in the property which Appellant was ordered to restore to her former husband were the installment real estate notes due in the years 1960 and 1961, upon which substantial amounts of principal and interest had already been paid. The capital gain included in the principal payments and the interest had been disclosed on Appellant's individual income tax returns for the years 1960 and 1961, and tax paid thereon. Having been deprived by the restoration order of the property which produced the taxable income, Appellant filed claims for refund, and upon their rejection by the District Director of Internal Revenue, she filed suit for refund in the District Court. Following the entry of a stipulation the Government moved for summary judgment, which the Court granted for the years 1960 and 1961. A refund was allowed of taxes paid for the year 1962, but the United States has not appealed.

The District Court made a finding of fact that the Appellant ". . . was the owner of the notes, having received them in return for her interest in the real estate sold." Unless this finding is clearly erroneous, it will be sustained. F.R.Civ.P. 52(a). It was the position of the Appellant in the District Court, and is her position on appeal, that because she was required to restore the notes to her husband in compliance with the 1962 judgments of the Kentucky Court, she was not actually the owner of the notes in 1960 and 1961 when they produced taxable income. Of course, when she filed her income tax returns for those two years she thought she was the owner of the notes and reported the income accordingly.

■■ The statutory provisions concerning restoration of property have been in effect for many years, and the Court of Appeals of Kentucky has applied them in a number of cases. When there is an absolute divorce, the Chancellor must first restore to each party any property that he or she has obtained from the other during marriage, in consideration or by reason thereof, before making a division of property acquired by their joint efforts and before considering any claim for alimony. Moore v. Moore, Ky., 477 S.W.2d 792 (1972). The purpose of the statutes is to require each spouse to return all gifts received from the other spouse or his family during marriage. Colley v. Colley, Ky., 460 S.W.2d 821 (1970). In construing the statutes the word "restore" has been defined as "to give back (something which has been lost, or taken away); to make restitution of; to return." Kivett v. Kivett, Ky., 312 S.W.2d 884 (1958). This Court had occasion recently to deal with these statutes in a different context in Travelers Insurance Company v. Fields, 451 F.2d 1292 (6th Cir. 1971).

■ Unless there has been a completed gift there is nothing to restore. The underlying assumption of the restoration of property statutes is that one spouse has become the owner of property of the other solely because they were married. In order to restore each party as nearly as possible to the condition in which he or she would have been except for the marriage, it is necessary that such property be given back. Kivett v. Kivett, *supra*. This may be done by actually requiring a transfer back of all property to be restored followed by a re-transfer of a portion of it if alimony is allowed; or the more pragmatic approach may be adopted of crediting the alimony allowance against the amount to be restored, thus avoiding some transfers. Griffith v. Griffith, Ky., 458 S.W.2d 449 (1970). This is the approach used by the Chancellor in the divorce case of Appellant herein and it resulted in her being permitted to retain two of the lien notes, or proceeds thereof, as alimony. It is clear to us that there was no error in the finding by District Judge Bratcher that Appellant was the owner of the notes. When her former husband directed that one-half of the

purchase money notes received upon sale of the real estate be made payable to Appellant, he made a valid gift to her. Adams v. Button, 156 Ky. 693, 161 S.W. 1100 (1914).

The court-ordered restoration took place after the income attributable to the notes in 1960 and 1961 had been received. Therefore, Appellant properly paid the taxes on the income produced by the notes in those years. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239 (1930); Tracy v. Commissioner of Internal Revenue, 70 F.2d 93 (6th Cir. 1934). The Supreme Court reached the same result in a recent case involving facts which are analogous to those in the present case. United States v. Mitchell, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). The principle which underlies all of these cases is that tax liability follows ownership. In *Mitchell* it was held that a subsequent renunciation of property rights did not relieve a person of income taxes which accrued while she was the owner. We hold that a subsequent restoration of property under the Kentucky Statutes quoted herein does not relieve a divorced spouse of liability for taxes on the ordinary income received and capital gains realized from such property during the time she was the owner thereof.

Appellant contends that this Court determined in Swaim v. Commissioner, 417 F.2d 353 (6th Cir. 1969), that the notes in question were not taxable to her. That was not the holding of the Court. We did hold that her former husband was liable for taxes on the note due in 1962. Payment of this note was received after restoration of the note to him pursuant to the order of July 5, 1962. Thus, the issues of the present controversy were not involved in her former husband's appeal and we specifically refused to consider them in Swaim v. Commissioner of Internal Revenue, 417 F.2d 358 (6th Cir. 1969).

Appellant also asserts a claim of estoppel against the Government in very general terms. We find no support for this position.

It is not necessary to consider the issue of limitations raised by the Appellee.

The judgment of the District Court is affirmed.